UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOE E. JACKSON, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-1003-JD-MGG |
| CRUZ, et al., | |
| Defendants. | |

OPINION AND ORDER

Joe E. Jackson, Jr., a prisoner without a lawyer, filed a complaint. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jackson alleges he was subjected to excessive force by Correctional Officer Cruz on August 8, 2021, while he was incarcerated at the Miami Correctional Facility.[1] He claims Officer Cruz threw him to the ground and forced his arms together, which caused his shoulder to dislocate. Specifically, in a grievance form attached to the

---

[1] He has since been transferred to the Westville Correctional Facility. ECF 2 at 1.

complaint,[2] Jackson states he had just received his insulin at medical and was told to "take [his] time" returning to his cell due to an altercation at P-Unit. ECF 2 at 35. On the way there, several officers directed him to go back and sit on the floor near the recreation area. Jackson complied. While he was sitting on the ground, Officer Cruz came out of P-Unit and told the other officers to handcuff the inmates. An officer replied that Jackson would need two sets of handcuffs due to his size. Officer Cruz ignored that observation, yelled at Jackson to put his arms behind his back, and immediately grabbed his left arm forcing it backwards. Jackson claims Officer Cruz then "forced me over onto my stomach and put his knee into my back forcing my arms together and my shoulder popped placing handcuffs on me saying 'that's how you put handcuffs on a big inmate.'" *Id*. at 36. He has sued Officer Cruz and Warden Hyatte for monetary damages and injunctive relief.

The Eighth Amendment prohibits cruel and unusual punishment—including the application excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance

---

[2] The Federal Rules of Civil Procedure provide that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). When the plaintiff references and relies on it, "the contents of that document become part of the complaint and may be considered as such when the court [determines] the sufficiency of the complaint." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citations omitted).

because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Hendrickson*, 589 F.3d at 890.

Here, Jackson alleges Officer Cruz intentionally forced his hands behind his back causing his shoulder to pop—despite knowing he was too large to fit in one set of handcuffs—all while Jackson was complying and presenting no threat to himself or others. Although further factfinding may show the use of force was legitimate, giving Jackson the inferences to which he is entitled at this stage, he has stated a plausible claim against Officer Cruz in his individual capacity for using excessive force against him in violation of the Eighth Amendment.

His claims against Warden Hyatte do not fare as well. Jackson states Warden Hyatte is "responsible for the officer's actions due to the fact that Mr. Hyatte has instilled a violent atmosphere at Miami Correctional Facility and failed to have his officers properly trained." ECF 2 at 2. However, he has not provided any details to support these assertions. *See Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content). Nor has he alleged Warden Hyatte had any personal involvement in the matter, and the Warden cannot be held liable simply because he oversees the operations of the prison or supervises other correctional officers. *See J.K.J. v. Polk Cty.*,

960 F.3d 367, 377 (7th Cir. 2020) (officials cannot be held liable simply because they hold supervisory positions); *see also Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and defendants cannot be held liable for the misdeeds of other staff). More importantly, with regard to the failure to train allegation, "in the Eighth Amendment context, such claims may only be maintained against a municipality." *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005) (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001)). Warden Hyatte is not a municipality in either his individual or official capacity. Therefore, the claims against him must be dismissed.[3]

For these reasons, the court:

(1) GRANTS Joe E. Jackson, Jr., leave to proceed against Correctional Officer Cruz in his individual capacity for compensatory and punitive damages for subjecting him to excessive force on August 8, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Mr. Hyatte;

---

[3] Jackson also seeks injunctive relief to be "seen by a shoulder specialist in order to properly diagnose the extent of the damage caused and surgery costs." ECF 2 at 4. However, he does not provide any details as to the defendants' involvement in his medical care, nor does not describe his current condition in any way. Thus, he has not stated a plausible claim for relief based on these sparse allegations. *See e.g. Bissessur*, 581 F.3d at 602. Moreover, even if he had provided additional details, Warden Hyatte is not the proper defendant to sue for injunctive relief related to his medical care, as Jackson admits he has been transferred to the Westville Correctional Facility. Therefore, any possible injunctive relief claims against Warden Hyatte have been rendered moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.").

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Correctional Officer Cruz at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Correctional Officer Cruz to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 12, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

5