UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOE E. JACKSON, JR.,

      Plaintiff,

         v.                  CAUSE NO. 3:22-CV-1003-JD-MGG

CRUZ,

      Defendants.

<u>OPINION & ORDER</u>

Joe E. Jackson, Jr., a prisoner without a lawyer, was granted leave to proceed against Correctional Officer Cruz in his individual capacity for compensatory and punitive damages for subjecting him to excessive force on August 8, 2021, in violation of the Eighth Amendment. *See* ECF 6. He has since filed a motion for leave to amend his complaint. ECF 12. He seeks to add three parties to this lawsuit: Sgt. Mays, Warden Mr. Hyatte, and Health Care Provider Centurion Health of Indiana. *Id*.

Although a plaintiff may amend his complaint once as a matter of course at this stage without the court's approval, *see* Fed. R. Civ. P. 15(a), he must do so in accordance with both the Federal and Local Rules. Jackson cannot amend his complaint in a piecemeal fashion because an amended complaint will supersede all earlier pleadings and control the case from that point forward. *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009). The Local Rules of this District require that an amended pleading "reproduce the entire pleading as amended," rather than simply incorporating a prior pleading by reference. N.D. Ind. L.R. 15-1. Moreover, the proposed amended complaint

must be on the proper form.[1] *See* N.D. Ind. L.R. 7-6. Therefore, Jackson's motion will be denied because it is both unnecessary and procedurally improper.

Moreover, even if the court did consider the allegations against the new defendants described therein, the motion would still be denied because the claims are futile as presented. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id*.

 It appears Jackson wishes to sue Sgt. Mays for failing to intervene. "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). To prevail on such a claim, a plaintiff must establish that "the defendant[] had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted).

---

[1] The **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form is available in his prison law library if he wishes to file an amended complaint going forward.

Here, Jackson alleges Sgt. Mays was the sergeant in charge on the scene but "did nothing to defuse the situation" (ECF 12 at 2) when Officer Cruz subjected him to excessive force and dislocated his shoulder by using only one set of handcuffs when attempting to restrain him. It cannot be plausibly inferred from these sparse allegations that Sgt. Mays had a reasonable opportunity to prevent the violations or failed to reasonably intervene. *See Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content).

He also claims Warden Hyatte is liable because "[a]nything done to me by a prison guard, prison doctor, or prison administrator" (ECF 12 at 2) is state action. However, as noted in the court's prior screening order, the Warden cannot be held liable simply because he oversees the operations of the prison or supervises other correctional officers. *See J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020) (officials cannot be held liable simply because they hold supervisory positions); *see also Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and defendants cannot be held liable for the misdeeds of other staff). Additionally, to the extent Jackson is claiming the Warden is liable under a *Monell* theory because "the violation of my rights was the product of a policy or custom on the City of Bunker Hill, IN, county of Peru," (ECF 12 at 2), he has not plausibly identified

3

such a policy or custom or provided sufficient details to support these assertions.[2] *See Bissessur*, 581 F.3d at 602. He does mention that Warden Hyatte must "participate in the training" (ECF 12 at 2) with the officers he supervises, but—even putting aside the sparsity of these allegations—"in the Eighth Amendment context, such [failure to train] claims may only be maintained against a municipality." *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005) (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001)). As noted in the court's prior screening order, Warden Hyatte is not a municipality in either his individual or official capacity.

Finally, Jackson wishes to add Centurion Health of Indiana for allegedly failing to provide him with "proper medical assistance" (ECF 12 at 3) for his dislocated shoulder. A private company performing a public function can be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021).

---

[2] Attaching sixty pages of various IDOC policies to the motion as an exhibit—without explaining why or how those policies were the moving force behind the alleged constitutional violations—is insufficient to state a claim. *See e.g. Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016).

Here, Jackson does not provide any details whatsoever about this alleged lack of care, nor does he plausibly allege a policy or custom of Centurion's was the reason for the constitutional violation. The conclusory allegations in the motion are insufficient to state a claim. *See e.g. Bissessur*, 581 F.3d at 602; *see also Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) ("At the pleading stage . . . a plaintiff pursuing [a *Monell*] theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom.").

For these reasons, the court DENIES the motion to amend (ECF 12).

SO ORDERED on January 4, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT